UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.R. ZIEGLER,

    Plaintiff,

v.

TWO UNKNOWN 50TH
DISTRICT COURT OFFICERS,
MEGAN DENNIS, *et al.,*

    Defendants.
_____/

Case No. 18-12424
HON. VICTORIA A. ROBERTS

## ORDER GRANTING DEFENDANT MEGAN DENNIS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS [ECF No. 37]

Megan Dennis ("Dennis") filed the above motion. She claims that J.R. Ziegler ("Ziegler") has no standing to sue her based on a state court eviction action that he was not a party to, and involving property in which he had no interest. Dennis also claims that she was not the magistrate judge who participated in the state court proceedings that Ziegler complains of. Dennis requests sanctions against Ziegler under 28 U.S.C. § 1927.

For these reasons and a multitude of others, Dennis is entitled to judgment in her favor; the Court **GRANTS** Dennis' motion. The Court also **GRANTS** Dennis' request for sanctions.

1

## A. FACTUAL BACKGROUND

Dennis' motion for summary judgment contained twenty statements of material facts. Although required to, Ziegler failed to respond to them. The Court warned Ziegler that "each numbered paragraph in [Dennis'] statement of material facts will be deemed admitted … unless specifically controverted by a correspondingly numbered paragraph in the statement served by [Ziegler]." [ECF No. 40, PageID.413]. For purposes of considering Dennis' motion, the Court accepts her statement of uncontroverted facts.

The Court finds that an eviction proceeding was filed in the 50th District Court and Ziegler's friend – not him – was the defendant in that action. The court assigned the case to community mediation. Ziegler insisted on being present at the mediation, but the mediator – who was not Dennis – did not allow him to participate. Ziegler spoke to another mediation center employee. This person was not Dennis either. Guards escorted Ziegler out of the mediation building. For this, he claims he was deprived of equal protection of the law, due process and access to the court.

From affidavits, it appears that Dennis had absolutely nothing to do with the state court eviction proceeding. Nonetheless, Ziegler filed this suit against her and – in violation of this Court's order that he not file motions before a certain date – Ziegler filed several papers with the Court to which

Dennis was called upon to respond: (1) motion for declaratory judgment [ECF No. 16]; (2) motion for objection and to strike Dennis' response to the motion for declaratory judgment [ECF No. 20]; (3) motion to compel discovery [ECF No. 21]; and (4) motion to show cause "on demand for contempt sanctions." [ECF No. 23].

Dennis asks the Court to enter judgment in her favor. And, because Ziegler defied the Court's order that motions not be filed, Dennis requests sanctions.

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden to show "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-moving party must demonstrate specific facts "showing there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations and citations

3

omitted). To demonstrate a genuine issue for trial, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Anderson,* 477 U.S. at 252. The Court must accept the non-movant's evidence as true and draw all "justifiable inferences" in the non-movant's favor. *See Anderson,* 477 U.S. at 255.

### III. ANALYSIS

#### A. Dennis Was Never Involved in Any Proceeding That Ziegler Takes Issue With

The eviction mediation occurred on July 27, 2018. Although Dennis was a staff member at that time at the Oakland Mediation Center ("OMC"), she presents uncontroverted evidence that she was not present at the OMC on that date. For this reason alone, Ziegler's claims against Dennis must be dismissed. There is no genuine issue: Dennis is not the person whom Ziegler seems to have an issue with.

#### B. Ziegler Has No Standing

Ziegler claims he was deprived of due process when he was not allowed to participate in the eviction mediation proceeding.

It is uncontroverted that he was not a party to the proceeding, and it is uncontroverted that he had no interest in the rental property at issue.

Procedural due process rights can only be violated when a protected liberty or property interest is denied without adequate hearing. Thus, in order to succeed on this claim, Ziegler must show that: (1) he was deprived of a protected liberty or property interest; and (2) the deprivation occurred without the requisite due process of law. *Club Italia Soccer v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006).

Because Ziegler had no cognizable property interest in the property at issue, nor any right to participate in the mediation, he was not deprived of either a property interest or due process.

### C. Dennis' Lack of Presence and Ziegler's Lack of Standing Are Dispositive

Dennis is entitled to summary judgment based on the two issues discussed above.

Dennis raises other arguments: (1) that even if she were the community magistrate involved in the mediation, she would have enjoyed absolute quasi-judicial immunity, *Yee v. Michigan Supreme Court*, 200 WL 118931 *4-5 (E.D. Mich. 2007), M.C.L. 691.1557(a); (2) Ziegler's claims are barred by the *Rooker-Feldman* doctrine, *Hake v. Simpson,* 770 Fed. Appx. 733 (6th Cir. 2019); and (3) Ziegler fails to demonstrate a likelihood of success on the merits and would not be entitled to injunctive relief. *Gonzales v. Nat'l Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

5

Because the issues the Court addressed above are dispositive, there is no need to address Dennis' other arguments.

**D.    Dennis is Entitled to Sanctions Against Ziegler**

Dennis contends that Ziegler unreasonably and vexatiously multiplied the proceedings against her, and as such, she is entitled to costs, fees, and attorney fees. *See* 28 U.S.C. § 1927. Dennis cites to the frivolous nature of the case against her: Ziegler's entire case is based on rights and claims he doesn't have against a person who had no connection to the claims asserted. Since July 2018, Dennis has had to defend against Ziegler's frivolity.

Ziegler does not respond to Dennis' request.

In her well-documented request, Dennis outlines the number of hours her attorneys spent defending this case. She also justifies the hourly rates of her attorneys based on cases decided in this circuit and on the State Bar of Michigan's Economics of Law Practice Survey.

The Court has broad discretion to determine a reasonable hourly rate for an attorney. *The Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 715 (6th Cir. 2016). To do so, courts use as a guideline the prevailing market rate, which is defined as "'the rate that lawyers of comparable skill and experience can reasonably expect to command within

6

the venue of the court of record.'" *Id.* (quoting *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004). The Court finds the State Bar of Michigan's Economics of Law Practice Survey is a reliable tool and finds Dennis' attorneys' fees are reasonable.

In the end, Dennis requests that $32,116.80 be awarded against Ziegler. Although district courts in this circuit have held that sanctions pursuant to § 1927 are inappropriate against *pro se* litigants, *see Li v. Recellular, Inc.*, No. 09-CV-11363, 2010 WL 1526379, at *8 (E.D. Mich. April 16, 2010), and § 1927 on its face limits who may be sanctioned to "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any territory thereof," the Sixth Circuit has not ruled that a Court may not sanction *pro se* litigants who unreasonably and vexatiously multiplies proceedings. Other district courts in this circuit have ordered sanctions against *pro se* litigants. *See Gilter v. Ohio,* 632 F. Supp. 2d 722 (N.D. Ohio, Jul. 6, 2009).

Further, aside from § 1927, the Sixth Circuit has held that courts have the inherent power to sanction litigants who litigate in bad faith, and that this inherent power "is not limited to sanctioning attorneys; we can sanction a party as well." *Stalley v. Methodist Healthcare,* 517 F.3d 911, 920 (6th Cir. 2008).

7

Under the circumstances – and given the complete lack of foundation for any allegations against Dennis and Ziegler's defiance of a court order that he not file motions – the Court finds it may sanction Ziegler and awards $2,000.00 in sanctions against him.

## V. CONCLUSION

The Court **GRANTS** Dennis' motion for summary judgment. The Court also **GRANTS** Dennis' request for sanctions in the amount of $2,000.00. Ziegler is ordered to pay this amount upon entry of this order, or to agree upon a reasonable payment schedule with Dennis and her attorneys. The Court retains jurisdiction of this case for purposes of enforcing payment of sanctions.

**IT IS ORDERED.**

Date: January 2, 2020                    s/ Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge